```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

PAULO MOURA,

                    Plaintiff,
                                              TRANSFER ORDER
              v.                              15-cv-6882 (KAM)

THE STATE OF NEW YORK; CITY OF NEW
YORK; SARA KROPF; MARCIA KROPF;
ROGER KROPF; HON. MARVA A.
BURNETT; ELLIOT PODHORZER, ESQ.;
HON. DOUGLAS HOFFMAN; EVELYN
HASANOEDDIN; FISCHER & BURSTEIN,
P.C.; ADRIANA RODRIGUEZ, ESQ.;
HON. J. QUINONES; JUSTICE ELLEN
GESMER; HON. JANE C. TULLY; HON.
R. MONTALBANO; HON. S. ANTIGNANI;
HON. MICHAEL YAVINSKY; ANTONIO
DIAZ; BETH ISRAEL MEDICAL CENTER
PERSONS, ACTORS, AGENTS, ENTITIES,
EMPLOYEES ETC; PERSONS, ACTORS,
AGENTS, ENTITIES, EMPLOYEES, OF
STATE AND CITY AGENCIES; NEW YORK
CITY POLICE DEPARTMENT--13TH
PRECINCT PERSONS, ACTORS, AGENTS,
ENTITIES, EMPLOYEES ETC; FREEDOM
OF INFORMATION UNIT (FOIL), NEW
YORK CITY COMPTROLLER'S OFFICE
PERSONS, ACTORS, AGENTS, ENTITIES,
EMPLOYEES, ETC.; NEW YORK CITY
FAMILY COURT PERSON, ACTORS,
AGENTS, ENTITIES, EMPLOYEES ETC.;
SUPREME COURT, CITY OF NEW YORK
PERSONS, ACTORS, AGENTS, ENTITIES,
EMPLOYEES ETC.; and KINGS CRIMINAL
COURT--BROOKLYN, NY PERSONS,
ACTORS, AGENTS, ENTITIES,
EMPLOYEES, ETC.,

                    Defendants.

-----------------------------------X
```

**MATSUMOTO, United States District Judge:**

Plaintiff Paulo Moura filed the above-captioned *pro se* action on December 2, 2015. For the reasons that follow, the case is transferred to the United States District Court for the Southern District of New York.

The named defendants include private parties residing in Manhattan, judicial officers in the Manhattan Family Court, judges of the Kings County Criminal Court, unidentified individuals associated with Beth Israel Medical Center in Manhattan, and various New York City agencies. The complaint states: "Venue is proper in the Eastern District of New York . . . because the events giving rise to this action occurred within the Southern District." (ECF No. 1, Complaint at 3.)[1]

The Complaint is difficult to decipher, but appears to include the following factual allegations. Moura was in a relationship with defendant Sara Kropf, with whom he had a son, Julien. (*Id.* at 4.) Sara left the family home in Woodhaven, New York with Julien and moved to Manhattan. (*Id.*) Moura contacted the New York Police Department, 13th Precinct, which is located in Manhattan, "to report a crime of 'Custodial

---

[1] As the pages of the complaint are not consecutively paginated, the court refers to the pages assigned by the Electronic Case Filing (ECF) System.

2

Interference', and that said 'Property' in Common, 'Julien', had been removed from his home without [his] knowledge, consent, or blessing." (*Id.*)  When the police arrived at the residence in Manhattan to investigate, Julien's maternal grandparents alleged that a cut on Moura's arm was sustained due to a suicide attempt. (*Id.*)  The police called an ambulance, and Moura was taken to Beth Israel Medical Center in Manhattan. (*Id.*)  Moura states that he "believes he spent several days at Beth Israel Medical Center without his consent, and under duress, and was released with no diagnosis, and only some 'recommendations.'" (*Id.* at 5.)

While Moura was at the medical center, Sara commenced a custody proceeding in Manhattan Family Court. (*Id.*)  Moura alleges that a judge awarded custody of Julien to Sara "in the best interests of the child," and that Moura has not been in contact with Julien for the past two years. (*Id.*)  Moura alleges that he has been harmed by the custody determination and "unlawful orders of child support." (*Id.* at 10.)  The only demand for relief included in the Complaint seeks "to have all property returned to him post haste." (*Id.* at 11.)  The Complaint states: "Federal judges can set aside and/or overturn state courts, and/or to preserve Constitutional Rights." (*Id.* at 12.)

3

The Complaint also mentions a criminal proceeding in Kings County Court. (*Id.* at 7.) Moura states that he "clearly expressed to all agents of the court that he did not wish to be represented by counsel, and that, furthermore, he required that counsel not represent him." (*Id.*) "On August 13, 2015, [Moura] was arrested for disorderly conduct in a courtroom." (*Id.* at 8.) He does not include any demand for relief related to these allegations.

Attached to the Complaint is a lengthy series of exhibits, including documents Moura addressed to judges of the Kings County Criminal Court that reference criminal docket number 2015KN025365. (*Id.* at 34.) Another exhibit includes an order dated March 6, 2015 from the Supreme Court of the State of New York, County of New York, dismissing Moura's complaint against Sara. (*Id.* at 52-52.) The order states that "the parties have engaged in multiple proceedings in New York County Family Court" related to custody, visitation, and child support, and holds: "Since a child is not property, the Father's complaint fails to state a cause of action." (*Id.* at 52.) A third exhibit relates to Moura's Freedom of Information Law request related to an incident that occurred at 259 East 10th Street in Manhattan on September 21, 2013. (*Id.* at 64.) A fourth group of exhibits includes documents filed in the Family

Court of the State of New York, County of New York, naming Moura as Respondent. (*Id.* at 71-101.)

Pursuant to the venue provision governing federal question jurisdiction, a civil action must be filed in the judicial district in which any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where a substantial part of property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(b). In the instant action, Moura apparently seeks the return of his son by challenging the decisions of the Family Court located in Manhattan, which is coextensive with New York County. Most of the allegations, including those related to Moura's detention and hospitalization and the ongoing family court proceeding, occurred in Manhattan.

The Complaint mentions an unrelated pending criminal proceeding in Kings County, but plaintiff does not appear to seek relief related to those allegations. The events giving rise to this action are alleged to have occurred within the Southern District of New York. Although plaintiff lists "persons, actors, agents, entities, employees, etc." of the "Kings Criminal Court" on page 2 of the Complaint under the heading "Parties," he alleges no actions by those employees related to his claim and does not mention any specific "Kings

5

Criminal Court" defendant in the body of the Complaint other than the Honorable Jane Tully.  To the extent plaintiff intends to name Judge Tully as a party defendant in connection with plaintiff's unrelated criminal proceeding, she is absolutely immune from suit.  *See Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).

Because Moura seeks relief from alleged harms that occurred in New York County, this case is hereby transferred to the United States District Court for the Southern District of New York.  *See* 28 U.S.C. § 112(b) (New York County is located in the Southern District of New York); 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought).  A decision on Moura's application to proceed *in forma pauperis* is reserved for the transferee court.  Local Civil Rule 83.1, which requires a seven-day delay before transfer, is waived.  Summonses shall not issue from this Court.

**SO ORDERED.**

Dated:   Brooklyn, New York
         December 21, 2015

                                    ___/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge